UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JP MORGAN CHASE BANK, NA,

                      Plaintiff,

    v.

MEGED FUNDING GROUP CORP.;
LENDORA CAPITAL, LLC;
NUNEZ FLOORING, LLC;
NUNEZ CARPET; LUCIO NUNEZ;
LUCIANO NUNEZ; AL & CHUCHOS, LLC
and VIVELO FASHION, LLC,

                      Defendants.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

23-CV-2605 (PKC) (LGD)

**LEE G. DUNST,** Magistrate Judge:

       Presently before the Court are motions for default judgment and interpleader deposit by JPMorgan Chase Bank, N.A. ("Chase" or "Plaintiff"). *See* Electronic Case File Number ("ECF No.") 27 ("Default Motion") and 28 ("Interpleader Motion"). On April 3, 2024, District Judge Pamela K. Chen referred the Default Motion to the undersigned for a Report and Recommendation. *See* April 3, 2024 Order. On April 8, 2024, Judge Chen referred the Interpleader Motion to the undersigned for a Report and Recommendation. *See* April 8, 2024 Order. As set forth below, the undersigned respectfully recommends that the Court grant Plaintiff's motions, with the exception of the request for attorney's fees and costs which should be denied without prejudice.

I.  **BACKGROUND**

   A.  **Factual Background**[1]

Chase is a national bank and is authorized to do business in New York.[2] *See* ECF No. 1 ("Compl.") ¶ 1. Defendant Meged Funding Group Corp. is a domestic business corporation incorporated in New York and has its principal place of business in New York.[3] *See id.* ¶ 2. Defendant Lendora Capital, LLC is a foreign limited liability company formed in California and has its principal place of business in California. *See id.* ¶ 3. Defendant Nunez Flooring LLC is a foreign limited liability company formed in Texas and has its principal place of business in Texas. *See id.* ¶ 4. Defendant Nunez Carpet is a business entity incorporated in Texas and has its principal place of business in Texas. *See id.* ¶ 5. Defendant Lucio Nunez is an individual who resides in and is a citizen of Texas.[4] *See id.* ¶ 6. Defendant Al & Chuchos LLC is a limited liability company formed in Texas and has its principal place of business in Texas. *See id.* ¶ 8. Defendant Vivelo Fashion LLC is a limited liability company formed in Texas and has its principal place of business in Texas. *See id.* ¶ 9. Defendants Nunez Flooring, Nunez Carpet,

---

[1] The facts are taken from the Complaint (ECF No. 1) and evidence supporting the motions. As Defendants failed to answer, all well-pleaded allegations in the Complaint are presumed to be true. *See Antoine v. Brooklyn Maids 26, Inc.*, 489 F. Supp. 3d 68, 78 (E.D.N.Y. 2020) (when determining if a plaintiff is entitled to default judgment, the court can only consider the "'non-conclusory, factual allegations' in the complaint") (quoting *Johannes Baumgartner Wirtschafts-Und Vermogensberatung GmbH v. Salzman*, 969 F. Supp. 2d 278, 287 (E.D.N.Y. 2013)).

[2] Chase does not indicate in the Complaint where it is incorporated. *See generally* Compl. This omission, however, should not impact the Court's decision or jurisdictional analysis because, pursuant to 28 U.S.C. § 1335, "the citizenship of the plaintiff-stakeholder is irrelevant." *See Wells Fargo Bank, N.A. v. Krenzen Auto Inc.*, No. 19-CV-5329 (PKC) (RER), 2021 WL 695122, at *1 n.2 (E.D.N.Y. Feb. 23, 2021); *Madison Stock Transfer, Inc. v. Exlites Holdings Int'l, Inc.*, 368 F. Supp. 3d 460, 484 (E.D.N.Y. 2019); *see also Blackman v. JPMorgan Chase, N.A.*, No. 20-CV-5539, 2022 WL 970729, at *5 (E.D.N.Y. Mar. 31, 2022) (finding Chase to be a citizen of Ohio, the state listed in its articles of incorporation).

[3] Venue is proper in this district as Meged's place of business is located in Suffern, New York. *See* Compl. ¶ 12; ECF No. 1-1.

[4] "Lucio Nunez" and "Luciano Nunez" refer to the same individual. *See id.* ¶ 7. "Lucio Nunez" and "Luciano Nunez" are collectively referred to herein as "Mr. Nunez."

Mr. Nunez, Al & Chuchos, and Vivelo Fashion are collectively referred to herein as the "Nunez Defendants."

On January 11, 2023, Meged filed a complaint in Nassau County Supreme Court against Nunez Flooring, Nunez Carpet, and Mr. Nunez (the "New York Action"), in which it sought to recover $374,750.00 (plus interest, costs, and attorney's fees) associated with an alleged failure to perform in accordance with a Standard Merchant Cash Advance Agreement. *See id.* ¶ 16. On February 27, 2023, Meged obtained a judgment in the amount of $383,090.15 in the New York Action. *See id.* ¶ 21. As a result of that judgement, Meged has claimed an interest in all funds in any Chase account titled to Defendants Nunez Flooring, Nunez Carpet, and Mr. Nunez. *See id.* ¶¶ 13, 27.

On January 23, 2023, Lendora filed a complaint (dated January 12, 2023) in Connecticut state court against Nunez Flooring, Mr. Nunez, Al & Chuchos, and Vivelo Fashion (the "Connecticut Action"), alleging a breach of a commercial agreement for $1,083,027.50 for future receivables. *See id.* ¶ 23. On January 25, 2023, Lendora sent a letter to Chase wherein it stated that it was aware of Meged's competing claims to the Nunez Defendants' funds and asserted its priority interest over Meged. *See id.* ¶ 24. On February 22, 2023, Lendora then filed a Motion for Order of Priority Liens and Payout in the Connecticut Action, indicating that it had entered into a payment agreement and general release with the Nunez Defendants and sought to have Chase release the funds directly to Lendora. *See id.* ¶ 25. On March 7, 2023, the Connecticut state court granted Lendora's motion. *See id.* ¶ 26. As a result of that order, Lendora has claimed an interest in all funds in any Chase account titled to the Nunez Defendants. *See id.* ¶¶ 13, 26-27.

There are four Chase accounts associated with the Nunez Defendants comprising a total

3

of $58,202.72 ("the Disputed Funds").[5]  *See id.* ¶ 27; ECF No. 28-1, Declaration of James P. Berg ("Berg Decl.") ¶ 15.  Due to the inconsistency between the orders in the New York Action and the Connecticut Action, Plaintiff is unable to determine to whom the Disputed Funds should be paid.  *See id.* ¶ 29.  Plaintiff has no independent interest in the Disputed Funds.  *See id.* ¶ 28.  However, Plaintiff is contractually obligated to the Nunez Defendants, who are its customers, and is prohibited from unilaterally releasing the Disputed Funds to Meged or Lendora without their customers' consent or a definitive court determination.  *See id.* ¶ 30.  As a result, Plaintiff seeks interpleader relief, pursuant to Rule 22 of the Federal Rules of Civil Procedure ("FRCP") and 28 U.S.C. § 1335, to determine which party has priority to the Disputed Funds.  *See id.* ¶¶ 31-33.  Plaintiff also seeks attorney's fees and costs.  *See id.* ¶¶ 34-36.

**B.    Procedural Background**

On April 5, 2023, Plaintiff filed its Complaint in this District against all Defendants.  *See* ECF No. 1.  On September 18, 2023, Plaintiff filed a motion to stay the case pending Mr. Nunez's bankruptcy proceeding.  *See* ECF No. 18.  On September 20, 2023, Judge Chen granted Plaintiff's motion to stay the entire case.  *See* Sept. 20, 2023 Order.  On October 26, 2023, Judge Chen lifted the stay because Plaintiff had informed the Court that Mr. Nunez's bankruptcy action had been dismissed.  *See* Oct. 26, 2023 Order.

On January 8, 2024, after the time for responses from Defendants had passed, Plaintiff requested a Certificate of Default from the Clerk of Court.[6]  *See* ECF No. 25.  On January 26, 2024, the Clerk of Court issued a Certificate of Default against Defendants.  *See* ECF No. 26.

---

[5] Those accounts bear account numbers ending in the following four digits and contain the following funds: 0052 ($42.00); 9005 ($418.64); 9647 ($57,726.87); and 2281 ($20.21).  *See* ECF No. 28-1 ¶ 15.

[6] On August 19, 2023, prior to the stay, attorney Gabriel Mendelberg filed a Notice of Appearance purportedly on behalf of Meged.  *See* ECF No. 16.  Mr. Mendelberg, however, has not otherwise participated in this case or responded to any filings or court orders.

4

On April 3, 2024, Plaintiff filed its Default Motion against Defendants. *See* ECF No. 27. Judge Chen referred that motion to the undersigned. *See* April 3, 2024 Order. On the same day, Plaintiff also filed its Interpleader Motion. *See* ECF No. 28. On April 8, 2024, Judge Chen referred that motion to the undersigned. *See* April 8, 2024 Order.

## II.  LEGAL STANDARD

### A.  Interpleader

"Whether statutory or under Rule 22, interpleader is designed to protect stakeholders from undue harassment in the face of multiple claims against the same fund, and to relieve the stakeholder from assessing which claim among many has merit." *Fid. Brokerage Servs., LLC v. Bank of China*, 192 F. Supp. 2d 173, 177 (S.D.N.Y. 2002). It is well settled that

> [a]n interpleader complaint generally involves a two-stage inquiry. The first stage requires the stakeholder to demonstrate that the requirements for interpleader have been met and that it is entitled to a discharge. The second stage determines the adverse claims between the claimants.

*Seldon Clean Water Prod. (Asia) L.P. v. Taran*, No. 18-CV-4853, 2019 WL 1118043, at *2 (E.D.N.Y. Mar. 11, 2019).

As to the first stage, the plaintiff must establish the jurisdictional requirements of an interpleader, which are: "1) the amount in controversy must be $ 500 or more; 2) the two or more adverse claimants claiming entitlement to the amount in controversy must be of diverse citizenship; and 3) the plaintiff must deposit either the amount at issue, or an appropriate bond, with the court." *Madison Stock Transfer, Inc. v. Exlites Holdings Int'l, Inc.*, 368 F. Supp. 3d 460, 484 (E.D.N.Y. 2019) (internal quotations omitted). "Section 1335's diversity requirement only calls for minimal diversity, meaning diversity of citizenship between two or more claimants, and other claimants may be co-citizens." *Wells Fargo Bank, N.A. v. Kings Tec Support Inc.*, No. 23-CV-4551, 2023 WL 8189799, at *2 (E.D.N.Y. Nov. 27, 2023). If these

5

jurisdictional requirements are met, the next question asks "only if [P]laintiff may be exposed to double or multiple liability." *Wells Fargo Bank, N.A. v. Krenzen Auto Inc.*, No. 19-CV-5329 (PKC) (RER), 2021 WL 695122, at *2 (E.D.N.Y. Feb. 23, 2021) (Chen, J.).

Normally in an interpleader action, once the first stage of the inquiry has been satisfied, the second stage "determines the adverse claims between the claimants." *Krenzen Auto*, 2021 WL 695122, at *2. Where there are defaulting claimants, "if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund." *Id.* (internal quotations omitted). However, where no defendants have appeared and default judgment is entered against them, the plaintiff is discharged (so long as it meets the interpleader requirements) and the case is closed. *See id.* at *3 (discharging plaintiff bank, closing case, and allowing defaulting defendants leave to move to reopen the case within ninety days).

Additionally, a disinterested stakeholder may move for attorney's fees and costs as part of a motion for interpleader and those "fees and costs are generally awarded to an innocent and otherwise disinterested stakeholder who has expended time and money participating in a dispute not of his own making and the outcome of which has no impact on him." *Kings Tec Support*, 2023 WL 8189799, at *2 (internal quotations omitted). "In general, a reasonable award of attorney's fees and costs in an interpleader action is appropriate where the court finds that the interpleader plaintiff is: (1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability." *Krenzen Auto*, 2021 WL 695122, at *3 (internal quotations omitted). "However, the decision to award fees and costs is left to the sound discretion of the district court and courts need not award attorneys' fees in interpleader actions where the fees are expenses incurred in the ordinary course of business." *Id.* at *4 (internal quotations omitted).

6

### B. Default Judgment

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for a party seeking default judgement. The Clerk of the Court must first enter a certificate of default, and the court may then enter default judgement if the complaint sets forth a valid claim and the plaintiff has "established her entitled to a specific amount of damages." *Antoine v. Brooklyn Maids 26, Inc.*, 489 F. Supp. 3d 68, 80 (E.D.N.Y. 2020). However, a "a plaintiff is not entitled to a default judgment as a matter of right, simply because the defendant is in default." *Astudillo v. Fusion Juice Bar Inc.*, No. 19-CV-2590, 2023 WL 3802754, at *3 (E.D.N.Y. Mar. 23, 2023). Instead, courts have significant discretion in granting default judgments and consider the following factors: "(1) whether the defendant's default was willful; (2) whether [the] defendant has a meritorious defense to [the] plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Song v. Kensington Int'l, Inc.*, No. 21-CV-543, 2024 WL 416494, at *5 (E.D.N.Y. Jan. 29, 2024) (quoting *Mason Tenders Dist. Council v. Duce Constr. Corp.*, No. 02-CV-9044, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003)).

#### 1. Willfulness

A default is deemed willful if "it is sufficient to conclude that the defendant defaulted deliberately." *Leger v. Navila Asset Mgmt. Inc.*, No. 20-CV-3820, 2023 WL 2352843, at *2 (E.D.N.Y. Feb. 6, 2023), *report and recommendation adopted*, 2023 WL 2349581 (E.D.N.Y. Mar. 3, 2023) (quoting *Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182,187 (2d Cir. 2015)). In other words, while a finding of bad faith is not necessary, "[w]illfulness requires more than negligence or carelessness." *Id.*

The Second Circuit has held that failure to respond to a complaint evinces willful default, so long as service on the defendant is proper. *See S.E.C. v. McNulty*, 137 F.3d 732, 738-39 (2d

7

Cir. 1998) (unexplained failure to respond to complaint shows willfulness).  Service is proper if it satisfies Rule 4 of the Federal Rules of Civil Procedure.  *See id.*

### 2. Meritorious Defenses

A defendant has meritorious defenses against the claims in the complaint if they have presented a defense that is "good at law so as to give the factfinder some determination to make." *Antoine*, 489 F. Supp. 3d at 82.  When a defendant fails to answer the complaint, the well-pleaded allegations in the complaint are presumed to be true, and thus, the court is unable to determine whether the defendant has any meritorious defenses.  *See id.*  Therefore, without an answer, "granting a default judgment is favored under those circumstances." *Pich v. Queens Garden Nursery Inc.*, No. 22-CV-3362, 2024 WL 687234, at *4 (E.D.N.Y. Feb. 20, 2024), *report and recommendation adopted*, No. 22-CV-3362, 2024 WL 967636 (E.D.N.Y. Mar. 6, 2024) (internal quotations omitted).  Nevertheless, even when a defendant has failed to answer the complaint, "a plaintiff must demonstrate that the factual allegations set forth in her complaint state valid claims to relief."  *Antoine*, 489 F. Supp. 3d at 82.

### 3. Prejudice Toward Plaintiff

Denying a motion for default judgment would be prejudicial toward the plaintiff if there would be "no additional steps available to secure relief in this [c]ourt." *Reyes v. Tacos El Gallo Giro Corp.*, No. 20-CV-3474, 2022 WL 940504, at *2 (E.D.N.Y. Jan. 25, 2022), *report and recommendation adopted*, No. 20-CV-3474, 2022 WL 939769 (E.D.N.Y. Mar. 29, 2022) (quoting *Bridge Oil Ltd. v. Emerald Reefer Lines, LLC*, No. 06-CV-14226, 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008)).

## III. DISCUSSION

### A. Plaintiff Has Complied With Rule 55

As an initial matter, Plaintiff has complied with the two-step process for seeking a default

judgement set forth in Rule 55. Plaintiff obtained Certificates of Default from the Clerk of the Court on January 26, 2024, which stated that Defendants have failed to answer the Complaint. *See* ECF No. 26. Plaintiff now seeks a default judgement in the pending motion.[7] *See* ECF No. 27.

1. Defendants Have Willfully Defaulted

Defendants have failed to respond to the Complaint or otherwise appear in this action.[8] In accordance with Second Circuit precedent, Defendants' failure to respond is evidence of a willful default. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability."); *accord Song v. Kensington Int'l, Inc.*, No. 21-CV-543, 2024 WL 416494, at *6 (E.D.N.Y. Jan. 29, 2024) (finding willful default where defendant failed to respond). Still, the Court must determine whether service upon all Defendants was proper.

Rule 4 states that service may be made upon a domestic corporation and an individual by following state law for serving summons in the state where the district court is located. *See* Fed. R. Civ. P. 4(e)(1). Under New York law, service on a corporation can be effectuated by delivering a copy of the summons to an "officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service" (*see* N.Y. C.P.L.R. § 311(a)(1)) or by delivering and leaving a copy of the Summons and Complaint with the New York Secretary of State (*see* N.Y. Bus. Corp. L. § 306(b)(1)). Additionally, under New York law, service on a corporation or an individual can be effectuated by first class mail. *See* N.Y. C.P.L.R. 312-a.

---

[7] Plaintiff properly served its Default Motion and Interpleader Motion on all Defendants via first class mail. *See* ECF No. 27-4; ECF No. 28-26.

[8] *See supra* n.6.

9

Plaintiff has satisfied the service requirements for Defendants. Meged was served both personally on an authorized representative and the New York Secretary of State. *See* ECF No. 28-20 at 10-11. Lendora also was served through the New York Secretary of State. *See* ECF No. 28-20 at 8. Al & Chuchos, Vivelo Fashion, and Nunez Flooring were properly served through a representative authorized to accept service on their behalf. *See* ECF No. 28-20 at 13, 18-19. While Plaintiff initially was unable to personally serve Nunez Carpet and Mr. Nunez (*see* ECF No. 18-2 at 2-3), Plaintiff responded to Judge Chen's August 10, 2023 Order to Show Cause why the action should not be dismissed for failure of timely service by moving to allow service on Nunez Carpet and Mr. Nunez by mail and affixing to the door of Mr. Nunez's listed address. *See* ECF No. 18. Judge Chen granted Plaintiff's motion "in its entirety," and permitted alternative service on the remaining Defendants (Nunez Carpet and Mr. Nunez) who had not yet been served. *See* Sept. 20, 2023 Order. As a result, Nunez Carpet and Mr. Nunez were properly served via this court-approved alternative means. ECF No. 28-20 at 2-7. Therefore, as all Defendants were properly served and failed to answer the Complaint, their default is deemed willful.

        2.        Defendants Have Failed to Raise Any Meritorious Defenses and Denial of the Motion Would Be Prejudicial to Plaintiff

Because Defendants have not responded to the Complaint, they have not asserted any meritorious defenses to any of the claims. Therefore, the Court is unable to make any determinations about the merit of any defenses. *See Antoine*, 489 F. Supp. 3d at 82 (explaining that when a defendant defaults, courts are unable to decide whether a defendant has a meritorious defense to plaintiff's allegations). Nevertheless, the Court still must assess whether the Complaint states valid claims for relief—that is, whether Plaintiff has met all of the requirements for interpleader. *See id.* In the event the Court were to deny Plaintiff's Motion, it would be

10

unable to address the competing claims regarding the Disputed Funds as a result of the orders in the New York and Connecticut Actions. Therefore, denial of the motion would be prejudicial toward Plaintiff. *See Antoine*, 489 F. Supp. 3d at 90 (holding that it would be prejudicial toward the plaintiff to deny the motion for default judgment because "plaintiff would be unable to recover for the claims adequately set forth in the complaint").

### B. Chase Has Satisfied All of the Requirements of 28 U.S.C. § 1335

Plaintiff has satisfied the first stage of the interpleader inquiry. Regarding the jurisdictional requirements, the amount in controversy here is $58,202.72 (representing the amount of available funds in the accounts), which exceeds the $500 threshold. *See* Berg Decl. at ¶ 15; ECF No. 28-25 at 8. There also is sufficient diversity between the claimants claiming entitlement to the amount in controversy, given that Plaintiff alleges Meged is incorporated in New York with its principal place of business in New York and that Lendora was formed in California and has its principal place of business in California. *See* Compl. ¶¶ 2-3. Finally, Plaintiff seeks to deposit the Disputed Funds with the Court. *See* Berg Decl. ¶ 2. Therefore, the Court has jurisdiction pursuant to 28 U.S.C. § 1335. *See Krenzen Auto*, 2021 WL 695122, at *2 (finding jurisdiction where plaintiff bank satisfied all of the statutory requirements).

Having satisfied the jurisdictional requirements, Plaintiff also sufficiently alleges that it is subject to completing claims by Meged and Lendora in the New York and Connecticut Actions, and therefore could be subject to double liability. *See* Compl. ¶¶ 29-32; *Krenzen Auto*, 2021 WL 695122, at *3 (after finding jurisdictional requirements satisfied, finding interpleader first-stage inquiry satisfied).

Given that Plaintiff has satisfied the first stage inquiry of an interpleader, the undersigned respectfully recommends that Plaintiff be dismissed from the action and may deposit the Disputed Funds totaling $58,202.72 into the registry of the Court. Furthermore, as no party

11

would remain in the action, the undersigned respectfully recommends closing the case and allowing Defendants leave to move to reopen the case within ninety days of the adoption of this Report and Recommendation. *See id.* (approach previously used by Judge Chen in an interpleader where plaintiff bank was dismissed and defaulting defendants remained).

### C.    Attorney's Fees and Costs

Plaintiff requests attorney's fees and costs in the amount of $39,157.54. *See* Berg Decl. ¶ 32. However, Plaintiff has failed to submit any supporting documents regarding the calculation of attorney's fees with the court. *See* Berg Decl. ¶ 30 ("These efforts are fully documented in the contemporaneous billing records attached as **Exhibit 24**.") (emphasis included original); ECF No. 28 (including only Exhibits 1 through 23). Therefore, the undersigned cannot effectively determine the reasonableness of the attorney's fee request based on the current record, which is missing any supporting documents. *See Krenzen Auto*, 2021 WL 695122, at *4 (evaluating a fee request only through submitted invoices and billing records).

In any event, it is not clear to the undersigned whether Plaintiff should be entitled to any attorney's fees and costs (and, if so, whether this award should be dramatically reduced). Plaintiff seeks attorney's fees of $39,157.54, which is approximately 67% of the Disputed Funds which total $58,202.72. *See* Berg Decl. ¶¶ 15, 32. Plaintiff contends that this amount of fees and costs is "reasonable and necessary to protect Chase." *Id.* ¶ 31. Based on the current record, the undersigned cannot agree with this claim.

As Judge Chen has observed in a similar case,

> [i]n particular, courts generally decline to award attorney's fees and costs where "the issues presented are not complex, the suit does not present any unique problems, and only a modest amount of funds are at stake." *PVH Corp. v. Houle*, No. 16-CV-1401 (RJS), 2017 WL 991107, at *1 (S.D.N.Y. Feb. 15, 2017) (internal quotation marks and citation omitted); *see also Estate of Ellington v. EMI Music Publ'g*, 282 F. Supp. 2d 192, 194 (S.D.N.Y. 2003) ("The typical interpleader claim does not involve extensive or complicated litigation, and thus fees should be

12

> relatively modest." (internal quotations and citations omitted)). Moreover, since a typical interpleader relieves the company of "multiple suits" and discharges the company from liability, courts have concluded that "such actions are brought primarily in the company's own self-interest." *Metro. Life Ins. Co.*, 966 F. Supp. 2d at 105 (alterations, internal quotation marks, and citations omitted).

*Krenzen Auto*, 2021 WL 695122, at *4.

The undersigned therefore recommends that Plaintiff's request for attorney's fees and costs be denied without prejudice and that Plaintiff may renew this request after the ninety-day time period for Defendants to reopen this case has expired.

### IV.     CONCLUSION

For the reasons set forth above, the undersigned respectfully recommends granting Plaintiff's Motion for Default Judgement and Motion for Interpleader Relief, with the exception of Plaintiff's request for attorney's fees and costs which is denied without prejudice. The undersigned further recommends that Plaintiff be directed to deposit the Disputed Funds into the Court Registry, and that the case be closed and Defendants allowed leave to move to reopen the case within ninety days of the adoption of this Report and Recommendation. Finally, the undersigned recommends that Plaintiff be permitted to renew its application for attorney's fees and costs and that any such motion be filed only after the expiration of the aforementioned time period for Defendants to seek to reopen the case. Plaintiff shall also serve this Report and Recommendation on all Defendants and file proof of service on ECF.

### V.     OBJECTIONS TO THIS REPORT AND RECONMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Chen. FAILURE TO FILE TIMELY OBJECTIONS SHALL CONSTITUTE A WAIVER OF

13

THOSE OBJECTIONS BOTH IN THE DISTRICT COURT AND ON LATER APPEAL TO THE UNITED STATES COURT OF APPEALS.  *See Thomas v. Arn*, 474 U.S. 140, 154-55 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).

Dated:  Central Islip, New York
August 29, 2024

SO ORDERED:

_s/ Lee G. Dunst_

**LEE G. DUNST**
United States Magistrate Judge